# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
### No. 15-100V
### Filed: October 28, 2016

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MARIA ECHEVARRIA, | \* | UNPUBLISHED |
| *Individually and as guardian of* | \* | |
| *the late D.E.,* | \* | |
| | \* | |
| Petitioner, | \* | |
| v. | \* | |
| | \* | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | \* | Reasonable Hourly Rate |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Patricia Finn, Patricia Finn, P.C., Piermont, NY, for petitioner.*
*Gordon Shemin, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth,** Special Master:

On February 2, 2015, Maria Echevarria ["Ms. Echevarria" or "petitioner"] filed a petition for compensation on behalf of the estate of her minor child, D.E., under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] ["Vaccine Act" or "Program"]. Petitioner alleged that the pneumococcal vaccine administered on February 3, 2012, caused D.E. to suffer from RSV bronchiolitis, pneumonia, and metabolic disease, which led to his death. *See generally*, Petition [ECF No. 1]. On August 29, 2016, petitioner filed a motion requesting dismissal of her petition. On September 16, 2016, the undersigned issued a decision dismissing

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

the petition. Petitioner applied for attorneys' fees and costs on October 25, 2016 ["Motion for Fees"].

After careful consideration, the undersigned has determined to **grant the request in part** for the reasons set forth below.

## I.        Procedural History

Petitioner filed her petition on February 2, 2015. Petition, ECF No. 1. This case was originally assigned to Special Master Hamilton-Fieldman. Notice of Assignment, ECF No. 4. Petitioner filed medical records on March 16, 2015. *See generally*, Petitioner's Exhibits ["Pet. Exs."] 1-27 [ECF No. 7-9]. Petitioner filed additional medical records on June 5, 2015. Pet. Ex. 28-51 [ECF No. 12-14]. Respondent subsequently filed her Rule 4(c) Report stating that petitioner had not demonstrated sufficient proof of injury to warrant entitlement. Respondent's Report ["Resp. Rpt."], filed Aug. 20, 2015 [ECF No. 18].

Petitioner submitted additional medical records and a statement of completion. Pet. Ex. 52, filed Nov. 9, 2015 [ECF No. 24]; Statement of Completion, filed Nov. 24, 2015 [ECF No. 25].  Petitioner was then ordered to file an expert report by February 23, 2016. Scheduling Order (Non-PDF), issued Nov. 24, 2015.

This case was reassigned to me on January 14, 2016. Notice of Reassignment, filed Jan. 14, 2016 [ECF No. 27]. Petitioner repeatedly filed motions for extensions of time to file her expert report. Motion for Extension of Time, filed Feb. 22, 2016; Apr. 18, 2016; June 17, 2016 [ECF No. 28-30]. However, petitioner was ultimately unable to file an expert report. Petitioner subsequently filed a "Motion for Decision Dismissing the Petition," requesting that her case be dismissed. Motion, filed Aug. 29, 2016, ECF No. 33. Accordingly, the undersigned issued a decision dismissing the petition. Decision, filed Sept. 16, 2016 [ECF No. 34].

Petitioner has now moved for attorneys' fees and costs in the amount of $37,331.85. Motion for Attorney's Fees ["Motion for Fees"], filed Oct. 25, 2016 [ECF No. 39]. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred $100.00 in out-of-pocket expenses. Motion for Fees at 2. Respondent has indicated that she is not opposed to the total amount of fees and costs requested by petitioner. This matter is now ripe for decision.

## II.        Applicable Law

In general, the Vaccine Act allows Special Masters to award attorneys' fees and costs to a petitioner if the claim was brought in good faith and with "reasonable basis." § 15(e). Special masters are afforded considerable discretion when considering motions for fees. For instance, it is within a special master's discretion to reduce fees *sua sponte*, without warning to petitioners. *Sabella v. Sec'y of HHS*, 86 Fed. Cl. 201, 208-09 (2009).

When considering motions for attorney fees and costs, the Court employs the lodestar method to determine the amount an attorney should be compensated for. *Schueman v. Sec'y of*

*HHS*, No. 04-693V, 2010 WL 3421956, at *3 (Fed. Cl. Spec. Mstr. Apr. 27, 2016); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989) ("The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.") (internal citations omitted). That said, a special master is not required to conduct a "line-by-line" analysis of a fee request. *Broekelschen v. Sec'y of HHS*, 102 Fed. Cl. 719, 729 (2011). Additionally, a special master is "entitled to use…prior experience in reviewing fee applications," including experience with particular attorneys. *Riggins v. Sec'y of HHS*, 406 Fed. Appx. 479, 481 (Fed. Cir. 2011) (citing *Saxton v. Sec'y of HHS*, 3 F.3d 1517, 1519 (Fed. Cir. 1993)).

The recent decision in *McCulloch* provides a framework for consideration of appropriate rate ranges for fees for forum attorneys, based on the experience of a practicing attorney.[3] *McCulloch v. Sec'y of HHS*, No. 09-293, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015); motion for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). According to *McCulloch*, if an attorney has been practicing for 20 or more years, an appropriate range is approximately $350 to $425 per hour. *Id.* If an attorney has 11 to 19 years of experience, $300 to $375 is proper. *Id.* An appropriate range for an attorney with 8 to 10 years of experience would be $275 to $350. *Id.* For 4 to 7 years of experience, $225 to $300 is sufficient. *Id.* If an attorney has fewer than 4 years of experience, he/she should receive between $150 and $225. *Id.*

In determining an appropriate hourly rate, Special Master Gowen concluded that the following factors should be considered: (1) the prevailing rate for comparable legal work in the forum of Washington, D.C.; (2) the prevailing rate for cases in the Vaccine Program; (3) the attorney's experience in the Vaccine Program; (4) the attorney's overall legal experience; (5) the quality of the work performed in vaccine cases; and (6) reputation in the legal community and community at large. *Id.* at *17.

### III.    Discussion

Though respondent did not submit any opposition to petitioner's application, the formal filing of an application for attorneys' fees and costs requires that I review the application in total. In doing so, I note that petitioner's counsel has submitted rates for herself and her staff that are beyond the rates as set forth in *McCulloch*. Therefore, the submitted rates must be reduced.

Petitioner's counsel, Patricia Finn, submitted billing for 2014, 2015, and 2016, at a rate of $400 per hour for herself, $200 per hour for her paralegal, Jessica Lucas, and $145 per hour for a law clerk, Racheal Williams, and a paralegal, Seelena Singh.[4] *See generally* Motion (Tab 1),

---

[3] The Office of Special Masters has taken the *McCulloch* rates, which have been endorsed by all of the current special masters, and has posted them on its website to provide direction to counsel in future cases about appropriate forum ranges. The OSM Attorneys' Forum Hourly Rate Fee Schedule for 2015-2016 is accessible at the Court of Federal Claims website under "Vaccine Claims."

[4] The billing record refers to "PF," "JL," "RW," and "SS." Based upon prior cases, I understand that "PF" and "JL" refers to Ms. Finn and Ms. Lucas. *See, e.g., DiMatteo v. Sec'y of HHS*, No.

filed Oct. 25, 2016 [ECF No. 39]. Ms. Finn practices in Piermont, NY, which is within the New York City metro area; therefore, forum rates apply. *See Becker v. Sec'y of HHS*, No. 13-687V, 2014 WL 4923160 (Fed. Cl. Spec. Mstr. Sep. 11, 2014), at \*5-6 (Reasoning that "Ms. Finn merits a forum rate" because she practices in a suburb of New York City, and "hourly rates in New York City and its suburbs are not 'very significantly lower' than Washington, DC rates.") Ms. Finn has been practicing law for 13 years and therefore falls within the *McCulloch* range of $300 to $375 per hour.[5]

Previous decisions have addressed the proper calculation for hourly rates for both Ms. Finn and Ms. Lucas. *See Rowan v. Sec'y of HHS*, No. 10-272V (Fed. Cl. Spec. Mstr. Dec. 30, 2015) (awarding 2015 hourly rates of $316 for Ms. Finn and $102 for Ms. Lucas); *Becker*, 2014 WL 4923160, at \*6-7 (awarding 2013-2014 rates of $310 for Ms. Finn and $100 for Ms. Lucas).

In keeping with the foregoing, I find reasonable hourly rates for Ms. Finn to be as follows: $310 for work performed in 2014, $316 for work performed in 2015, and $328 for work performed in 2016. Ms. Finn's 2016 rate of $328 is her 2015 rate adjusted for inflation, using the 3.7% inflation rate from *McCulloch*. *McCulloch*, 2015 WL 5634323, at \*16. Based on Ms. Lucas's previous rates, I find reasonable hourly rates for Ms. Lucas are: $100 for work performed in 2014 and $125 for work performed in 2015 and 2016.

Racheal Williams performed 0.4 hours of work for this case in 2015. Previous decisions have awarded forum law clerks an hourly rate of $145. *Id*. at \*21. I find this rate reasonable for Ms. Williams. Seelena Singh performed 7.5 hours of work for this case in 2016. Because of a lack of information regarding her credentials or experience, I find a reasonable hourly rate for Ms. Singh to be $100.

| | 2014 hours | Rates | Total | 2015 hours | Rates | Total | 2016 hours | Rates | Total |
|---|---|---|---|---|---|---|---|---|---|
| Ms. Finn's compensation | 23.6 | 310 | 7,316 | 37.9 | 316 | 11,976.40 | 1.2 | 328 | 393.6 |
| Ms. Lucas's compensation | 1.8 | 100 | 180 | 21.7 | 125 | 2,712.50 | 10.9 | 125 | 1,362.5 |

10-566V, 2016 WL 1544863 (Fed. Cl. Spec. Mstr. Mar. 25, 2016) (awarding fees for Ms. Finn and Ms. Lucas); *Rowan v. Sec'y of HHS*, No. 10-272V 2014 WL 3375588 (Fed. Cl. Spec. Mstr. June 19, 2014) ("JL" is believed to be Jessica Lucas). Ms. Finn did not submit any information regarding Ms. Lucas's experience or credentials; however, based on the undersigned's experience in the Program, I understand Ms. Lucas to be a paralegal. In response to a request from chambers, I was advised that "RW" is Racheal Williams, who was a law clerk while this matter was being litigated, and was admitted to practice law in September 2016. Additionally, I was advised that "SS" is Seelena Singh, a paralegal who was with this firm from February 2016 to July 2016. Information regarding Ms. Singh's credentials or experience was not provided.
[5]Ms. Finn did not submit any information regarding her experience; however, it appears that she has been practicing since 2003. *See Rowan v. Sec'y of HHS*, No. 10-272V, 2014 WL 3375588, at \*2 (Fed. Cl. Spec. Mstr. June 19, 2014).

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Ms. Williams's compensation | 0 | | | 0.4 | 145 | 58 | 0 | | |
| Ms. Singh's compensation | 0 | | | 0 | | | 7.5 | 100 | 750 |
| | 25.4 | | **7,496** | 60 | | **14,746.90** | 19.6 | | **2,506.1** |
| | | | | | | | **Sum Total:** | | |

The billing record submitted by counsel does not break out the fees and costs. However, it appears that the filing fee was billed twice for a total of $800 in filing fees. Therefore, $400 will be deducted from the total amount of costs billed of $6,631.85. Petitioner will be awarded $6,231.85 in costs. *See* Motion (Tab 1) at 2.

I find, therefore, that $24,749.00 in attorneys' fees and $6,231.85 in attorneys' costs are appropriate and reasonable in this matter.

### IV.    Conclusion

For the reasons contained herein, **I award a lump sum of $100.00 in the form of a check payable to petitioner, Maria Echevarria; and a lump sum of $30,980.85, representing reimbursement for all attorneys' fees and costs available under § 15(e)(1), in the form of a check payable jointly to petitioner, Maria Echevarria, and petitioner's counsel, Patricia Finn.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

<u>s/Mindy Michaels Roth</u>
Mindy Michaels Roth
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.